People v Strack (2019 NY Slip Op 07960)





People v Strack


2019 NY Slip Op 07960


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109820

[*1]The People of the State of New York, Respondent,
v
Renee Strack, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Matthew A. Toporowski, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered October 12, 2017, convicting defendant upon her plea of guilty of the crime of criminal contempt in the first degree.
Defendant was indicted and charged with one count of criminal contempt in the first degree. Shortly before her scheduled trial, defendant agreed to plead guilty to the entire indictment with the understanding that County Court was not making a sentencing commitment. Following a detailed plea colloquy, defendant pleaded guilty to the charged crime and the matter was adjourned. When the parties returned to County Court for sentencing, the People requested that the court impose the five years of probation recommended by the Probation Department; defendant argued for a conditional discharge, stating that she "really [did not] want probation." County Court thereafter sentenced defendant to the recommended period of probation, whereupon defendant claimed that she had been "tricked" and indicated that she "would rather be dead than to be on probation." Defendant appeals, arguing that County Court's failure to apprise her of the possibility that she could be sentenced to a period of probation rendered her plea involuntary.
We affirm. Although not raised by the People, we note that defendant's challenge to the voluntariness of her plea is unpreserved for our review absent record evidence of an appropriate postallocution motion (see People v Hatch, 165 AD3d 1321, 1321-1322 [2018], lv denied 32 NY3d 1125 [2018]; People v White, 157 AD3d 1128, 1129 [2018], lv denied 31 NY3d 1018 [2018]). As defendant did not make any statements during the plea colloquy — or at sentencing — that negated an element of the charged crime, were inconsistent with her guilt or otherwise called into question the voluntariness of her plea, the narrow exception to the preservation requirement was not triggered (see People v Favreau, 174 AD3d 1226, 1228 [2019]; People v Putnam, 169 AD3d 1114, 1115 [2019]). Were we to reach this issue, we would find it to be lacking in merit. Defendant was apprised — prior to pleading guilty — of her maximum sentencing exposure (see People v Monk, 21 NY3d 27, 32 [2013]). She was aware from the start of the sentencing proceeding that the Probation Department had recommended — and the People were seeking — a sentence of five years of probation. Her counsel argued strongly for another disposition. Her present assertion that "she was not fully aware that such a consequence could follow her plea of guilty" is belied by the record.
Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.